**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| Thomas Regan and Patti Regan, ) | | |
| as Surviving Parents of Marlowe A. ) | | |
| Regan, Deceased, ) | | |
| ) | **PROTECTIVE ORDER** | |
| Plaintiffs, ) | | |
| ) | | |
| vs. ) | | |
| ) | | |
| Nissan North American, Inc., ) | Case No. 1:08-cv-034 | |
| ) | | |
| Defendant. ) | | |

It is hereby **ORDERED** as follows:

1. As used in this Protective Order, the following terms shall have the following meanings unless the context clearly provides otherwise:

   a. "Confidential Material" means all documents, testimony, or other information that has been marked or designated as being Confidential Material in the manner provided for by this Protective Order, including copies or other reproductions of any material so marked or designated.

   b. "Party" or "parties" shall include the employees of the party or parties.

   c. "Similar Case(s)" means any litigation in which one or more plaintiffs have alleged that a person was injured in an accident involving an overturning or rollover of a WD21 series Nissan Pathfinder, and the injuries were alleged to be causally related to the front restraints, roof crush, doors, door latch systems, occupant retention or protection systems, and/or the handling and stability of said vehicle.

1

      c.      "Termination of the Litigation" shall mean the entry of final non-appealable dismissal or judgment.

      2.      Counsel for any party may mark or designate as Confidential Material any documents, testimony, or other information produced or generated during this litigation that counsel reasonably believes is properly the subject of a protective order under the Federal Rules of Civil Procedure because the material or information is or contains (i) trade secrets, proprietary information, or competitively sensitive information the dissemination of which has a significant likelihood of damaging the party's competitive position or (ii) personal information the disclosure of which would constitute an unwarranted invasion of privacy, by marking or designating the material or information "Confidential," "Produced Pursuant to Protective Order," or other similarly appropriate designation in manner that give fair notice of the claim of confidentiality. The marking or designation of documents, testimony, or other information as Confidential Material shall be made in good faith and shall only be made for material and information that the party seeking protection has previously treated as confidential. Any bad faith marking or designation will subject the party and/or counsel to sanctions under Fed. R. Civ. P. 37(a)(4) & (b)(2), which may include, as appropriate, a denial of all claims of confidentiality with respect to the documents, testimony, or other information produced or generated in this litigation.

      3.      Any party may challenge another party's claim of confidentially by filing a motion to declassify material marked or designated as Confidential Material. The party claiming the confidentiality of the challenged material has the burden of demonstrating that it should continue to be classified as Confidential Material subject to this Protective Order.

4.      Except as otherwise provided herein, Confidential Material that has been marked or designated by a party in accordance with this Protective Order may only be used by the other parties and their counsel for purposes of this litigation and under no circumstances shall it be disclosed to a competitor of the party producing the Confidential Material or be used in manner that competitively disadvantages that party.  The other parties and their counsel shall keep the Confidential Material confidential, except that access to the Confidential Material may be given as follows:

    a.    To personnel who are directly employed by counsel of record for the other parties, provided that they maintain the confidentiality of the Confidential Material and that counsel of record shall be responsible for their compliance with this Protective Order;

    b.    To experts or consultants retained for purposes of the litigation subject to the requirements of paragraph 5 of this Protective Order;

    c.    To witnesses, but only to the extent necessary for the witness's testimony and only after the witness has been advised of the existence of this Protective Order and has agreed on the record or otherwise to keep confidential the Confidential Material;

    d.    To the court and its staff, but subject to the requirements of this Protective Order for filing Confidential Material under seal, and to any privately engaged stenographic reporters; and

    e.    To the attorneys for the plaintiffs in a Similar Case subject to the provisions of paragraph 14 of this Protective Order.

5. The following applies to Confidential Material disclosed to experts and consultants pursuant to this Protective Order:

   a. No Confidential Material may be disclosed to an expert or consultant until that person has been provided with a copy of this Protective Order, the person has agreed to be bound by its provisions, and the person has acknowledged his or her agreement by signing a written acknowledgment substantially in the form of the attached Exhibit "A." Counsel providing access to the Confidential Material shall maintain a list of the names of all experts and consultants to whom the Confidential Material has been provided as well as copies of the signed Exhibit "A" for each such individual.

   b. Experts and consultants who have been provided access to Confidential Material shall (i) keep the Confidential Material confidential and not disclose it to any persons or entities, except that they may discuss it with the party or counsel who provided access to the Confidential Materia and reference it in an expert report or in testimony in this action, both of which are subject to this Protective Order, and (ii) use the Confidential Material only for the purposes of this litigation and not for any other purpose, unless this court or another court has ordered otherwise.

   c. Unless this court or another court has specifically ordered otherwise, any expert or consultant who has been provided Confidential Material pursuant to this Protective Order shall, not later than thirty days following the Termination of the Litigation in this action, (i) destroy the Confidential Material or return it to the party or its counsel who provided the expert or consultant with the Confidential Material and (ii) certify

to that party or its counsel that the Confidential Material has all been destroyed or returned. The certification shall be sworn to under oath before a notary or made in accordance with the provisions of 28 U.S.C. § 1746. The party or counsel who provided the Confidential Material to the expert or consultant shall then forward copies of the certifications to counsel for the party that marked or designated the Confidential Material within sixty days of the Termination of the Litigation.

6. If a party desires to file any deposition testimony, deposition exhibit, discovery request or response, affidavit, motion, brief, or other document that includes, incorporates, or quotes specific Confidential Material, the party shall make the filing under seal and indicate that the filing is subject to the Protective Order. Any such filings shall be maintained under seal, unless the court orders otherwise. If any party believes that another party has incorrectly or inadvertently filed Confidential Material unsealed, the party may motion the court for appropriate relief.

7. If documents constituting Confidential Material are used during a deposition, they will be marked as exhibits or otherwise referred to with enough specificity so that they can later be easily identified, but the documents shall not be attached to the original of the deposition and, instead, shall be kept by counsel for the party claiming confidentiality until the Termination of the Litigation. Copies of the documents, however, shall be provided to the other counsel, and any party may file copies of the documents as necessary to support any motion or pleading or along with a copy of the deposition transcript, provided the documents are filed under seal in accordance with the provisions of this Protective Order. If a party desires to claim information discussed during a deposition as Confidential Material, counsel for the party may designate the appropriate portions of the deposition transcript, by page and line number, as Confidential Material provided that counsel

does so within ten (10) days following receipt of the deposition transcript and serves the designation upon counsel for the other parties.

8. Any party desiring to use Confidential Material during the trial must first seek permission of the court. The sealing of a trial record or closure of trial proceedings involve a number of considerations that are not presently before the court and will be dealt with at that time.

9. Inadvertent or unintentional production of Confidential Material by a party claiming confidentiality shall not be deemed a waiver in whole or in part of that party's claim of confidentiality.

10. If any party wishes to modify the terms of this Protective Order or its application to specific Confidential Material, the party shall first request such modification from the other parties and, if no satisfactory agreement is reached, may then petition the court for relief.

11. The party who has marked or designated specific documents or information as Confidential Material may agree, either in writing or verbally on the record during any deposition or court proceeding, to declassify any such material, at which point it will no longer be deemed Confidential Material.

12. Except as provided by paragraph 13, any party or counsel who has been provided Confidential Material marked or designated by another party shall, not later that sixty days following Termination of the Litigation in this action, (i) destroy the Confidential Material or return it to counsel for the party marking or designating the Confidential Material and (ii) certify to counsel for the party marking or designating the Confidential Material that all of the Confidential Material has been returned or destroyed. The certification shall be sworn to under oath before a notary or made in accordance with the provisions of 28 U.S.C. § 1746.

13. Counsel for the plaintiffs may retain the Confidential Material produced by Nissan until the later of (i) two years following the Termination of the Litigation in this action or (ii) until the Termination of Litigation in any Similar Cases that are pending as of the expiration of said two year period in which counsel for the plaintiffs are attorneys of record, subject to the following conditions:

   a. Counsel for the plaintiffs shall provide counsel for Nissan in this action and in the Similar Case fifteen days written notice before any Confidential Material is used with respect to the Similar Case, which notice shall identify the Similar Case by case name, docket number, and the court where the action is venued.

   b. Counsel for the plaintiffs shall not disclose the Confidential Material to any persons or entities in connection with the Similar Case, except as may be authorized by an order of the court in the Similar Case, or by default this court, with the goal being that Nissan or counsel for the plaintiffs will obtain a protective or other order from the court in the Similar Case addressing the further handling of the Confidential Material with respect to that case.

   c. Any protective or other order entered by the court in the Similar Case shall govern the handling of the Confidential Material in the event of any conflict with this Protective Order.

   d. When the extended time period for possession of the Confidential Material provided for above has expired, and absent some other order from this court or another court to the contrary, counsel for the plaintiffs shall destroy the Confidential Material or

      return it to Nissan or its counsel and provide the certification required by paragraph 12 that all of the Confidential Material has been returned or destroyed.

14. At any time prior to the expiration of the period during which counsel for the plaintiffs may retain possession of the Confidential Material produced by Nissan, counsel for the plaintiffs may give access to the Confidential Material to the attorneys representing a plaintiff in a Similar Case under the following conditions:

    a. Counsel for the plaintiffs shall first provide Nissan or counsel for Nissan fifteen days written notice before access is given to the attorneys in the Similar Case, which notice shall (i) state the names and addresses of the attorneys to whom the Confidential Material will be given and (ii) identify the Similar Case by providing the names of the parties, the docket number, and the court where the action is venued.

    b. No Confidential Material may be disclosed to the attorneys in the Similar Case until they have been provided with a copy of this Protective Order, they have agreed to be bound by its provisions, and they have acknowledged their agreement by signing a written acknowledgment substantially in the form of the attached Exhibit "A." The attorneys who have been provided with the Confidential Material in the Similar Case shall not further disclose the Confidential Material to any third persons or entities, except as authorized by an order of the court in the Similar Case, or by default this court, with the goal being that Nissan and or the attorneys in the Similar Case will obtain a protective or other order from the court in the Similar Case addressing the further handling of the Confidential Material with respect to that case.

  c. Any protective or other order entered by the court in the Similar Case shall govern the handling of the Confidential Material in the event of any conflict with this Protective Order.

  d. Absent an order from another court or from this court to the contrary, the attorneys in the Similar Case shall, not later that sixty days following Termination of the Litigation in the Similar Case, (i) destroy the Confidential Material or return it to Nissan or its counsel in the Similar Case and (ii) certify to Nissan or its counsel in the Similar Case that all of the Confidential Material has been returned or destroyed. The certification shall be sworn to under oath before a notary or made in accordance with the provisions of of 28 U.S.C. § 1746.

15. This Protective Order shall be binding upon any successors and assigns of the parties.

16. The court retains jurisdiction over the subject matter of this Protective Order, the parties to this action, and any persons and entities provided with Confidential Material pursuant to this Protective Order, even after the entry of judgment in this action, to hear any motions and to resolve any disputes with respect to this Protective Order.

Dated this 2nd day of December, 2008.

            */s/ Charles S. Miller, Jr.*
            Charles S. Miller, Jr.
            United States Magistrate Judge

**EXHIBIT "A"**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| Thomas Regan and Patti Regan, as Surviving Parents of Marlowe A. Regan, Deceased, | ) ) ) ) | |
| Plaintiffs, | ) ) | **AGREEMENT TO BE BOUND BY PROTECTIVE ORDER** |
| vs. | ) ) ) | |
| Nissan North American, Inc., | ) ) | Case No. 1:08-cv-034 |
| Defendant. | ) ) | |

STATE OF _____ )
                                                        )ss
COUNTY OF _____ )

The undersigned, having been first duly sworn on oath, deposes and states:

I have been provided with a copy of the Protective Order entered in the above case. I promise that I will abide by the Protective Order as it applies to me and that I will keep confidential any Confidential Material and use it only as authorized by the Protective Order. I understand that, if I commit any breach of my promise of confidentiality or other violation of the Protective Order, I may be sanctioned by the above-named Court. I hereby agree to submit to the jurisdiction of the above-named Court for the enforcement of the Protective Order and the undertakings I have made herein.

Dated this __ day of _____, 20__.

_____
Printed Name

_____
Signature

Subscribed and sworn to before me this ___ day of _____, 20__.

_____
Notary Public
My Commission expires:

10